JOHN W. McLEARN *vs.* WILLIAM J. HILL.

Suffolk.   May 22, 1931. — September 10, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Estoppel.   Limitations, Statute of.   Fraud.   Attorney at Law.*

The writ in an action of tort in the Superior Court was dated January 17, 1929.   The action was for personal injuries sustained on December 9, 1927, through negligent operation of a motor vehicle.   The defendant pleaded the statute of limitations.   The plaintiff offered to show that he had commenced an action for the same cause in a municipal court on April 27, 1928; that toward the end of a year from the time when his cause of action arose that action was in order for trial, and counsel for the defendant then suggested to counsel for the plaintiff that there were a number of cases growing out of the same accident pending in the Superior Court and that, in order to save several trials in different cases on the same facts, he felt.that the action should be brought in the Superior Court and there tried with the other cases; that in reply, counsel for the plaintiff stated that he was willing to discontinue the pending action and start a new one in the Superior Court, provided all opposing counsel would agree that it could be tried with other pending cases and would not have to wait to be tried in its order; that an agreement to that effect was made after conferences and correspondence lasting a number of weeks; that in reliance by counsel for the plaintiff upon all that had occurred, the action in the municipal court then was discontinued and on the same date the present action was instituted; that the plaintiff was not furnished by the defendant with a copy of his answer setting up the statute of limitations; that the action was tried with seventeen other actions in the Superior Court, and the pleadings were not read; and that such defence did not come to the attention of counsel for the plaintiff until a motion was made by the defendant that a verdict be ordered in his favor on the ground of the statute of limitations.   The judge excluded the evidence and, after the recording of a verdict for the plaintiff with leave reserved under G. L. c. 231, § 120, ordered that a verdict be entered for the defendant "on the ground that the action was barred by the statute of limitations."   The plaintiff alleged exceptions.   *Held,* that

(1) Since the offer of proof was excluded, the facts therein stated must be taken to be true for the purpose of deciding the question raised by the record, namely, whether the offer of proof raised an issue of fact on the defence of the statute of limitations;

(2) The one-year period fixed by the statute, G. L. c. 260, § 4, as amended by St. 1925, c. 346, § 10, is not of the essence of the cause of action and a limitation upon the right, but is a mere restriction upon the remedy;

(3) Such restriction may be waived by conduct amounting to the relinquishment of a known right;

(4) Acceptance by the defendant of the favor solicited from the plaintiff involved as matter of fair dealing an undertaking on his part not to rely on a defence based upon facts coming into existence solely from the granting of that favor by the plaintiff;

(5) The facts offered, if proved, estopped the defendant from relying on the defence of the statute of limitations;

(6) The mere fact that the action was one of tort presented no objection to the application of the principle of estoppel;

(7) Although the plaintiff did not offer to show an express promise by the defendant not to plead the statute of limitations and it might be that neither party at the time of the transactions had the statute in mind, nevertheless trial of the plaintiff's case with others of necessity implied a trial upon the merits and not a foreclosure of every element of merit by the rigid defence of the statute, so that the arrangement suggested by the defendant could be carried out only by his not relying on the statute; and such an estoppel might rest upon a necessary implication as well as upon an express stipulation;

(8) Proof of fraud in its strict sense is not essential to estoppel: words and conduct free from intentional purpose to deceive may constitute fraud under appropriate conditions;

(9) The facts offered to be proved by the plaintiff should have been admitted.

TORT for personal injuries. Writ dated January 17, 1929.

The action was tried in the Superior Court before *Donahue*, J., with seventeen other cases. Material facts relating to the only issue raised by the record are stated in the opinion. There was a verdict for the plaintiff in the sum of $7,500, recorded after leave reserved under G. L. c. 231, § 120. On motion by the defendant, the judge ordered a verdict entered for the defendant "on the ground that the action was barred by the statute of limitations." The plaintiff alleged exceptions.

*J. S. McCann*, for the plaintiff.

*C. F. Albert*, for the defendant.

Rugg, C.J.  This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff on December 9, 1927, through the negligent operation of a motor vehicle owned by the defendant and driven by his agent acting within the scope of his employment. In his answer the defendant, amongst other matters, pleaded the statute of limitations, whereby it is required that an action of this nature be brought within one year after the cause of action accrues. The plaintiff was allowed during the trial to file a replication to that part of the answer. G. L. c. 231, §§ 34, 35. *Comstock* v. *Livingston*, 210 Mass. 581. In support of his replication the plaintiff, offered to prove these facts: On April 27, 1928, the plaintiff commenced an action in a municipal court for the same cause as the present action. The answer of the defendant to that action was a general denial alone. Toward the end of the year that case was in order for trial and the plaintiff was prepared to proceed to trial. Counsel for the defendant then suggested to counsel for the plaintiff that there were a number of cases growing out of the same accident pending in the Superior Court and that, in order to save several trials in different cases on the same facts, he felt that the case should be brought in the Superior Court and there tried with the other cases. In reply, counsel for the plaintiff stated that he was willing to discontinue the pending case and start a new one in the Superior Court, provided all opposing counsel would agree that it could be tried with other pending cases and would not have to wait to be tried in its order. An agreement to that effect was made. Conference and correspondence touching the suggestion and ultimate arrangement lasted a number of weeks, if not months. Shortly thereafter, and in reliance by counsel for the plaintiff upon all that had occurred, on January 28, 1929, the action in the municipal court was discontinued and on the same date the present action was instituted. The answer of the defendant, filed on March 15, 1929, set up the statute of limitations as well as other defences including a general denial, but no copy was sent to the plaintiff as required by Common Law Rule 9 of

the Superior Court (1923). Counsel for the plaintiff over-looked the fact that no copy had been received by him and assumed. that the answer was the same as in the earlier action. At the trial in the Superior Court pleadings were not read in open court because eighteen cases were involved, and it was not until motion was made for a directed verdict in favor of the defendant on the ground of the statute of limitations that this defence came to the attention of counsel for the plaintiff.

This• offer of proof was excluded. The case was submitted to the jury. A verdict was returned for the plaintiff, but under leave reserved the presiding judge directed the entry of a verdict in favor of the defendant on the ground that the action was barred by the statute of limitations, G. L. c. 231, § 120. The plaintiff's exceptions to these adverse rulings bring the case here.

Since the offer of proof was excluded, the facts therein stated must be taken to be true for the purposes of this decision. The jury might have believed the evidence tending to prove them, if it had been admitted.

The point to be decided is whether the offer of proof raised an issue of fact on the defence of the statute of limitations. But for the matters contained in the offer of proof, the statute of limitations was a complete bar. The plaintiff's cause of action accrued at the time his injuries were sustained. The requirement of the statute is that an action of this nature must be begun within one year after it accrues. St. 1925, c. 346, § 10, amending G. L. c. 260, § 4. The writ in the case at bar was sued out after the expiration of that one year.

The cause of action on which the plaintiff relies was not created by any statute. It is recognized by the common law. Therefore, the one year period fixed by the statute is not of the essence of the cause of action and a limitation upon the right. The statute is a mere restriction upon the remedy. It must be pleaded. If not pleaded, it is deemed to be waived. It may be waived by other conduct amounting to the relinquishment of a known right. *Castaline* v.

*Swardlick,* 264 Mass. 481, 483, 484. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 546.

The plaintiff had seasonably protected his rights by bringing his action in the Municipal Court. That action was instituted well within the period allowed by the statute of limitations. Therefore, the plaintiff had a live cause of action on which writ had been seasonably sued out and entered in court and to which that statute could not possibly afford a defence. It was not pleaded. No gain could accrue to him by not prosecuting that action to judgment. The proposition that this action be discontinued and a new one be started in another court was put forward in behalf of the defendant. The grounds urged for its acceptance by the plaintiff were wholly for the profit of the defendant and of no benefit whatever to the plaintiff. So far as he was concerned, by pursuing to a conclusion his pending action he would not be caused duplication of trials on the same facts. That was an argument in the interest of the defendant alone. There was no intimation of advantage to the plaintiff from acceptance of the proposition made in behalf of the defendant during the negotiations between counsel. No such intimation has been presented in discussion at the bar. The making of such a proposition by the defendant in the circumstances disclosed carried the implication that, if it were accepted by the plaintiff, no harm would befall him as a result of extending an accommodation requested by the defendant for his sole convenience. Compliance by the plaintiff with the request of the defendant involved as a necessary step discontinuance of the pending action in the Municipal Court. The second action could not be brought and tried in the Superior Court until the first action in the Municipal Court was out of the way by discontinuance. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, 41, 42, and cases cited. The plaintiff was induced to discontinue his seasonable action, impregnable against the defence of the statute of limitations, in reliance upon the conduct of the defendant. Acceptance by the defendant of the favor so solicited from the plaintiff involved as matter

of fair dealing an undertaking on his part not to rely on a defence based upon facts coming into existence solely from the granting of that favor by the plaintiff. Nothing appears to have been said about the statute of limitations during the talks or correspondence between counsel. It cannot be ruled that the plaintiff was lacking in essential perspicacity in failing to think of that as possible defence open in these conditions to the defendant in the second action. Insistence by the defendant upon that defence at the trial may be regarded as an indication that he knew or had reasonable ground for belief that the defence would be open to him when he availed himself of the favor extended to him at his own entreaty by the plaintiff. Imputation of that knowledge or belief may be ascribed to him from the interposition of that defence.

The offer of proof does not charge deceit, bad faith or actual fraud. Facts falling short of these elements may constitute conduct contrary to general principles of fair dealing and to the good conscience which ought to actuate individuals and which it is the design of courts to enforce. It is in the main to accomplish the prevention of results contrary to good conscience and fair dealing that the doctrine of estoppel has been formulated and taken its place as a part of the law. It has been said that, "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable. 'The law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate.'" *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291.

The offer of proof set forth facts which bring the case at bar within the doctrine of estoppel as thus defined. Every factor there named is present in the offer of proof.

The application of that doctrine to the facts in the offer of proof in the case at bar is not repugnant to any fixed

rule of law. It was decided in this Commonwealth almost one hundred years ago that the doctrine of waiver when supported by adequate facts was available to meet a defence founded on the statute of limitations. *Webber* v. *Williams College,* 23 Pick. 302. In *Howard* v. *West Jersey & Seashore Railroad,* 102 N. J. Eq. 517, at pages 520, 521, it was said: "the statute of limitations is for the benefit of individuals and not to secure general objects of policy; hence, it may be waived by express contract or by necessary implication, or its benefits may be lost by conduct invoking the established principles of *estoppel in pais.* . . . Also, it should be noted that while the doctrine of *estoppel in pais* rests upon the ground of fraud, it is not essential that the representations or conduct giving rise to its application should be fraudulent in the strictly legal significance of that term, or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect; fraud, in the sense of a court of equity, properly including all acts, omissions and concealments which involve a breach of legal or equitable duty, trust or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another." This decision was affirmed on the opinion below in 104 N. J. Eq. 201. That statement of the law invites acceptance by its inherent reasonableness and strength. It finds support in the principle declared and results reached in other adjudications. *Charles Weitz' Sons* v. *United States Fidelity & Guaranty Co.* 206 Iowa, 1025. *Oliver* v. *United States Fidelity & Guaranty Co.* 176 N. C. 598, 601, 602. *Schroeder* v. *Young,* 161 U. S. 334, 344.

The conduct of the defendant on which the plaintiff relies to constitute estoppel occurred in part before and in part after the expiration of one year from the date when the plaintiff's cause of action accrued, but it all took place while the plaintiff had a legally enforceable cause of action free

from the defence of the statute of limitations. The plaintiff does not rely upon an estoppel arising out of a promise by the defendant to do something in the future dissociated with present action to his harm on the part of the plaintiff. The facts do not disclose an inducement and promise on the part of the defendant which caused the plaintiff to forbear bringing any action on his claim until the expiration of the period prescribed by the statute of limitations. There are numerous decisions supporting an estoppel arising out of such facts. The case at bar is at least as strong in principle. The plaintiff has suffered direct harm brought about by conduct of the defendant when he discontinued an action seasonably brought to enforce his claim; and the defendant has acquired the direct advantage of being enabled to interpose a defence resting on that conduct alone. The same principle ought to govern both classes of cases. See Williston on Contracts, § 139.

The plaintiff does not seek to revive a claim already barred by the statute of limitations at the time of the conduct of the defendant of which he complains. Therefore, principles based on historical and other reasons which might obstruct such a contention on the part of the plaintiff in those circumstances are laid to one side and need not be discussed. See Williston on Contracts, §§ 143, 184, 186; *Luther* v. *Payne*, 197 Ky. 359; *Short* v. *M'Carthy*, 3 B. & Ald. 626; *Lotten* v. *O'Brien*, 146 Wis. 258.

The defendant has urged that, while estoppel may prevent a defence to an action of contract founded on the statute of limitations, it cannot have that effect in an action of tort. We think that such a distinction in a case like the present is not founded on any sound principle. Numerous decisions hold that estoppel may prevent such defence in actions of tort. *Holman* v. *Omaha & Council Bluffs Railway & Bridge Co.* 117 Iowa, 268, 271–273. *Renackowsky* v. *Water Commissioners of Detroit*, 122 Mich. 613. *Louisville & Nashville Railroad* v. *Carter*, 226 Ky. 561, 575. *Armstrong* v. *Levan*, 109 Penn. St. 177.

In the case at bar there was no express promise by the defendant not to plead the statute of limitations to this action. It may be that neither party at the time of the

transactions set out in the offer of proof had the statute in mind. But the arrangement suggested by the defendant could be carried out only by not pleading the statute. Trial of the plaintiff's case with the others of necessity implied a trial upon the merits and not a foreclosure of every element of merit by the rigid defence of the statute. An estoppel of this nature may rest upon a necessary implication as well as upon an express stipulation. *Charles Weitz' Sons* v. *United States Fidelity & Guaranty Co.* 206 Iowa, 1025. *Daniel* v. *Board of Commissioners,* 74 N. C. 494.

It has been said that estoppel can be raised only on a misrepresentation of fact and not on a promise. Doubtless rights cannot readily be created by a mere naked promise. *Bragg* v. *Danielson,* 141 Mass. 195. And it is true that estoppel rests on fraud or deceitful purpose. Words and conduct free from intentional purpose to deceive may constitute fraud under appropriate conditions. *Plumer* v. *Lord,* 9 Allen, 455. *Langdon* v. *Doud,* 10 Allen, 433. *Matthews* v. *Thompson,* 186 Mass. 14, 23, 24. Proof of fraud in its strict sense is not essential to estoppel. The more modern statement is that "one is responsible for the word or act which he knows, or ought to know, will be acted upon by another." *Stiff* v. *Ashton,* 155 Mass. 130, 133. While that statement includes fraud arising from an intention to mislead, it also includes words or conduct not consonant with fairness and designed to induce action by the plaintiff to his harm in nature not different from that caused by fraud in its grosser aspects. *D'Almeida* v. *Boston & Maine Railroad,* 224 Mass. 452, 455. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403, 404. *Wiley* v. *Simons,* 259 Mass. 159, 161. *Ultramares Corp.* v. *Touche,* 255 N. Y. 170, 189. If and so far as there are intimations or stray expressions in *Shapley* v. *Abbott,* 42 N. Y. 443, or *Andreae* v. *Redfield,* 98 U. S. 225, 239, inconsistent with the conclusion here reached, we are not inclined to follow them. Compare *Phillips* v. *West Rockaway Land Co.* 226 N. Y. 507.

The conclusion is that in the circumstances here disclosed there was error in the exclusion of the plaintiff's offer of proof.

*Exceptions sustained.*