Umana, J.
The plaintiff brought this action in contract to recover for a deficiency of $10,356.86 on a promissory note she held by assignment. Defendants denied liability and alleged fraud, illegality, estoppel and failure of consideration. The trial court found for the plaintiff, and defendants now claim to be aggrieved by the actions taken on their Requests for Rulings numbered 2, 3, 9, 10, 12 and 13. The essential findings of fact by the trial court, as distilled from the draft report, are as indicated:
On August 6, 1974,[2] at the offices of attorney Ralph Gordon, the defendants attended *75 the closing for their purchase of real estate. Among the documents they signed at this meeting were two promissory notes and mortgages. Gordon explained to the defendants that he represented the Meetinghouse Hill Co-operative Bank, the mortgagee and payee of the first note. He also explained to the defendants the provisions of the second mortgage note payable to Mr. Herbert Cohen, which is the subject of this suit. The court specifically found that no misrepresentations were made by Gordon to induce the defendants to sign the second note, that he had not represented himself to be their attorney, and that the documents were tendered to Gordon only after the defendants had discussed them privately for ten minutes. Gordon failed to disclose to defendants that he, in fact, was the real party in interest in the second promissory note, and that Cohen and the present plaintiff were his straws. In addition, after the real estate closing had been completed, Gordon and defendant Hickey entered into a discussion regarding the protection of Hickey’s assets. This discussion culminated with an offer by Gordon to draft a real estate trust.
The findings of fact by the trial justice cannot be disturbed by the Appellate Division where such findings are supported on any reasonable view of the evidence or rational inferences to which it is susceptible. Heil v. McCann, 360 Mass. 570, 571 (1971). Based on the evidence described in the draft report, the trial court did not exceed its discretion in making these findings. The issue presented here is the effect of Gordon’s conduct on the defendants’ contractual obligation in the second note.
We now examine the defendants’ Requests for Rulings of Law by which they claim to be aggrieved:
2. A plaintiff is not in a position to complain justly if he does not come into court with clean hands regarding the precise subject matter.
COURT: Denied, but see findings of fact.
The precise subject matter at bar is the defendant’s contractual obligation under the second promissory note. Even if the equitable doctrine of “Clean Hands” was applicable in this case, it would be relevant only to the transactions tainted by the unfair conduct. The findings of fact indicate no such impropriety in regard to the execution of the second promissory note.
3. Upon all the credible evidence in the case, the defendants were not given adequate unprejudiced advise [sic] from the contracting attorney or from another attorney independently.
COURT: Denied, see findings of fact.
By this request defendants ask, in effect, for a finding of fact and not law. This court has, however, determined that the trial justice’s findings of fact were supported by the evidence, and concludes that there was no misrepresentation inducing the defendants’ acceptance. Indeed, it was noted that the defendants’ motives included their own perception of a “ good deal. ’ ’ Because of the lack of any factual foundation in support, it is unnecessary at this point to decide the legal question of the nature of Gordon’s obligation to advise the defendants.
9. Upon all the credible evidence in the case, Ralph Gordon made representations to the defendants upon which they acted in ignorance of the truth to their prejudice.
COURT: Denied, see findings of fact.
This request for a finding of fact is also inappropriate for review by the Appellate Division. The Draft Report accepted by both parties indicates no such misrepresentations were relied upon by defendants to their prejudice.
10. The defendants upon all the evidence in the case could reasonably have believed that attorney Ralph Gordon was protecting their interest with respect to the second mortgage note on August 6, 1974.
COURT: Denied, see findings of fact.
*76 Again the defendants request a finding of fact unsupported by the trial court. With respect to the second mortgage note, there is neither an indication that Gordon held himself out to be a protector of the defendants’ interests, nor that they could reasonbly have believed so. If Gordon did, in fact, create a fiduciary relationship, it could only have been after the second mortgage note had already been executed and tendered.
12. A lawyer should not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105.
COURT: Allowed, but not applicable to the facts found.
The defendants cannot be aggrieved by the trial justice’s ruling here, in that it concedes DR 5-105(b) as embraced in Rule 3:22 of the Supreme Judicial Court is a proper statement of the Massachusetts law. However, the trial justice’s determination that Gordon has not represented himself to be the defendants’ attorney with respect to the mortgage note at bar makes this ruling inapplicable to the present controversy. As has been noted, Gordon could only have represented differing interests after the crucial transaction had been completed. The defendants are unpersuasive that the obligations accruing from this contract should now be nullified.
In their brief, defendants citt McLearn v. Hill, 276 Mass. 519, 524 (1931), for the proposition that the doctrine of estoppel does not require the elements of actual fraud or deceitful purpose. Although this restatement of the law is accurate, it is not enlightening. It is true that facts falling short of fraud may be sufficient to invoke this equitable defense, but it is also clear that there are other elements which are essential prerequisites. Indeed, the McLearn court itself quoted Boston & Albany Railroad v. Reardon, 226 Mass. 286 (1917), in the very paragraph cited to this court by defendants: “In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his hamt and that the other knew or had reasonable cause to know that such consequences might follow.” The draft report and findings of fact support neither the defense of estoppel nor a finding of fraud.
13. Upon all the credible evidence in the case, attorney Ralph Gordon failed to inform the defendants that they should consult with independent counsel on or before August 6, 1974.
COURT: Denied, see findings of fact.
Defendants have bootstrapped a request for a finding of law in the context of this request for a finding of fact. Conceding that Gordon did not admonish defendants to seek independent counsel, this does not resolve the present question of the enforceability of the second mortgage note. Gordon did not assume the role of a fiduciary toward the defendants by representing the bank in this closing. Defendants’ reliance on Markell v. Sidney B. Pfeifer Foundation, Inc., Mass. App. Ct. Adv. Sh. (1980) 557, to support the claim of a fiduciary relationship is mistaken. Markell makes clear that “whether a relationship of trust and confidence exists is a question of fact,” and that the standard is “wherever two persons stand in such a relationship that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of that confidence is possessed by the other, and this confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party...” Nor are defendants on point in citing Hill v. Hall, 191 Mass. 253 (1906), inasmuch as it involved a pre-existing attorney-client relationship not present in these facts. Smith v. Smith, 222 Mass. 102 (1915), cited to us by defendants, is easily differentiated by its facts: the fiduciary in Smith was the aged plaintiffs’ live-in daughter-in-law. We find no indications of overreaching on Gordon’s part prior to the execution and tender of the *77 mortgage note.
Implicit in the defendants’ request for ruling # 13 is the assertion that DR 7- 104(A)(2) mandates that the attorney for a mortgagee advise an unrepresented mortgagor to obtain independent counsel before closing. It is unclear whether this suggested affirmative duty arises from his status as an officer of the court or as a principal in the transaction, but in neither event does it find support in the case law. The rule prohibits an attorney from taking advantage of an unrepresented party; it does not impose the requirement that he or she suggest that the other party retain counsel. As one commentator has observed:
DR 7-104 seems properly to deal with the question of communicating with an adverse party.. .If the other person does not have counsel, the attorney may communicate and negotiate with him or her, but may not purport to give the party legal advice other than advice to secure counsel. Morgan, 90 Harvard Law Review 733.
The defendants have failed to convince this court that the trial justice’s findings of fact were unsupported or that his rulings of law were incorrect. It is to be noted that defendants have recourse to other tribunals if they believe disciplinary rules were abridged by any attorney. The investigation of conduct not vitiating the contract at issue is, however, outside the scope of this court’s inquiry

Report dismissed.

 The erroneous mention of August 24, 1976, in the findings of fact was an inconsequential clerical oversight.