LoConto, J.
This is an appeal of the trial judge’s denial of the defendant’s motion for summary judgment. Although the report does not indicate by certification of the trial justice that she is exercising her G.L.c. 231, §108 and Rule 64(d) discretion requesting this division decide an interlocutory matter, we nevertheless accept same. Seigal v. Fitz Taxi, Inc., 1986 Mass. App. Div. 42.
The facts and issues necessary for a resolution of this appeal are as follows. As a result of an automobile accident occurring on May 10,1990, in the Indian Orchard section of Springfield, Massachusetts, the plaintiff brought this tort claim on May 17,1993, in the Springfield District Court. In opposition to the defendant’s motion for summary judgment asserting that the plaintiff’s action is time barred by the application of G.L.c. 260, §2A, the plaintiff’s counsel filed an affidavit stating that he relied upon statements made by an agent of the defendant’s insurer for failing to commence an action prior to the running of the statute of limitations.[1]
The plaintiff relies on the holding in Baker v. Coca Cola Bottling Company for support of her argument. 5 Mass. App. Ct. 217; 361 N.E. 2d 944 (1977).
In Baker, the Appeals Court reversed the allowance of the defendant’s motion for summary judgment. It ruled that the affidavit of plaintiff’s counsel asserting reliance on representations made by an agent of the defendant’s insurer in failing to file suit prior to the running of the statute of limitations was sufficient to raise a factual issue requiring denial of the motion. The court cited Mackeen v. Kasinskas, 333 Mass. 695 (1956), in which it was held that an insurance adjustor has at least apparent authority to make a promise of settlement and that an insurer may be estopped to deny that authority where a claimant has acted in reasonable reliance.
Summary judgment can only be granted when no genuine issue of material fact exists. In this case, the affidavit of counsel in opposition to the motion relates to a material fact and precludes allowance of the motion. The denial of the motion was correct.
Petition dismissed.

In addition, the plaintiff claims that commencement of the action within three years is excused because of the difficulty in ascertaining the total medical expenses.