Coven, J.
This is an action for breach of contract, breach of warranty and G.Lc. 93A unfair and deceptive practices arising from the defendant’s sale of a motor vehicle. Judgment was entered for the plaintiff, and the defendant brought this Dist./Mun. Cts. RADA., Rule 8C appeal of the court’s denial of the defendant’s motions for involuntary dismissal, to alter or amend judgment and for a new trial. The sole issue presented for review is whether the plaintiff’s action was barred by the applicable statute of limitations.
The plaintiff purchased a 1987 Chrysler LeBaron automobile from the defendant on May 26,1987. Immediately following the purchase and during the entire period that he owned the automobile, the plaintiff experienced problems with the shift mechanism of the car. The plaintiff returned the automobile to the defendant *58 on approximately twenty occasions, but the shift mechanism was never completely repaired. Unable to have the car successfully repaired, the plaintiff finally traded it to another car dealer on August 14,1989. The plaintiff had driven the car approximately 28,900 miles during the two years and three months that he owned it.
On June 2,1992, the plaintiffs attorney mailed a G.L.c. 93A demand letter to the defendant. The defendant responded by letter dated June 9, 1992. The plaintiff commenced this action for breach of contract and warranty and G.L.c. 93A violations on October 16,1992.
At the close of the plaintiff’s evidence at trial, the defendant made a motion for a Dist./Mun. Cts. R. Civ. E, Rule 41(b)(2) involuntary dismissal on the ground that the plaintiff had failed to commence this action prior to the expiration of the governing statutes of limitations. The motion was denied both at that point and upon the defendant’s renewal of the motion at the close of all the evidence.[1] The trial court found for the plaintiff on his breach of warranty and G.L.c. 93A claims, and assessed double damages pursuant to c. 93A in the amount of $3,382.52.
Subsequent to the entry of judgment, the defendant filed motions to amend the judgment and for a new trial on the same statute of limitations issue. After an evi-dentiary hearing on these motions, the court found that the plaintiff had considered bringing a lawsuit against the defendant, but was persuaded that litigation was unnecessary by the defendant’s assurances that it would repair the vehicle. The court further found that the plaintiff, who was an art teacher, had no expertise in the area of automobile mechanics and had relied on the defendant’s repair representations. The court also found, however, that the plaintiff was represented by an attorney in 1989 who had falsely informed him that suit had been filed against the defendant, and that the plaintiff did not discover until 1992 that no suit had in fact ever been commenced.[2]
Based on its finding that the plaintiff reasonably relied on the assurances of the defendant that the motor vehicle had been or would be repaired, the trial court determined that the plaintiff had been induced not to commence suit in a timely manner, and denied the defendant’s motions. Although the court did not explicitly characterize its rationale as such, it is clear that the court applied the principle of estoppel to preclude the defendant’s assertion of the statute of limitations defense.
1. The plaintiff correctly concedes that the statutes of limitations governing his claims for economic loss resulting from breach of warranty, see G.L.C. 106, §7-205 and from G.L.c. 93A unfair and deceptive practices, see G.L.c. 260, §5A, are four-year statutes and that such statutes had expired prior to his commencement of this suit.
The accrual date for a G.Lc. 93A cause of action is determined in accordance with the same principles that govern the accrual of the underlying cause of action. Hanson Housing Auth. v. Dryvit Syst. Inc., 29 Mass. App. Ct. 440, 448 (1990). The plaintiff’s cause of action for breach of warranty arising from the sale of a defective vehicle accrued on the date tender of delivery was made, irrespective of the defendant’s knowledge of the breach. G.L.c. 106, §2-725 (2); Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 106-107 (1989). As the plaintiff accepted delivery of the car on May 26, 1987, the four year limitations period on both claims expired in May, 1991, well prior to the October, 1992 filing of this action.
2. The plaintiff’s contention in the trial court and on this appeal is that because the defendant’s repair representations effectively induced him to delay bringing *59 suit, such assurances were sufficient to “toll” the running of the limitations period for the entire time the assurances were being made; that the applicable four-year period was not triggered or did not commence again until the defendant made its last repair efforts and representations in August, 1989; and that the defendant is thus estopped from claiming the plaintiffs delay in commencing suit as a defense in this action.
The plaintiffs argument confuses the “tolling” or interruption of the running of a limitations period, which is governed by statute,[3] with the concept of estoppel as a bar to the assertion of a statute of limitations defense in a case in which the period has in fact run. Repeated, unsuccessful repair efforts neither toll the running of a G.L.C. 106, §2-725 limitations period, nor permit a court to enlarge the same. New England Power Co. v. Riley Stoker Corp., 20 Mass. App. Ct. 25, 31 (1985).
3. The equitable doctrine of estoppel may be utilized to prevent a defendant from prevailing on a statute of limitations defense when the defendant’s own conduct wrongfully lulled the plaintiff into foregoing legal action until it was too late. Baglio v. New York Cent. RR Co., 344 Mass. 14, 19 (1962); McLearn v. Hill, 276 Mass. 519, 525 (1931). The traditional elements of estoppel include:
a material misrepresentation of a party who had reason to know of its falsity; ... reasonable reliance upon the misrepresentation; and ... some disadvantage to the party seeking to assert estoppel fairly traceable to the misrepresentation.
Harrington v. Fall River Housing Auth., 27 Mass. App. Ct. 301, 308 (1989).[4] The “heavy burden” of proving estoppel in this case rested on the plaintiff. Id. at 309.
The plaintiff clearly failed to satisfy such burden. The evidence indicates only that the defendant accepted the plaintiffs car for repairs each time it was brought into the dealership, indicated that it would correct the defect, and concluded that it had repaired the numerous, varying problems with the shift mechanism on each occasion. However unsuccessful the defendant’s work was, “honest, genuine repair efforts, standing alone [are not a] sufficient basis for application of the doctrine of estoppel.” New England Power Co. v. Riley Stoker Corp., supra at 34. The plaintiff has advanced no evidence suggesting that the defendant’s repair efforts were “insincere” or a “mere pretext,” Id. or were purposely prolonged or delayed beyond the running of the statute of limitations period. Id. at 32.
Nor has the plaintiff established that the defendant made any promise or representation which the defendant knew or should have known would induce the plaintiff to postpone suit. See generally, Riley v. Presnell, 409 Mass. 239, 249 (1991). The defendant never stated, suggested or implied that it was unnecessary for the plaintiff to retain a lawyer or file a complaint, or even that legal action should merely be delayed. Compare Libman v. Zuckerman, 33 Mass. App. Ct. 341, 346-347 (1992) (defendant’s statement that it would not resume promised repairs until it received *60 assurance that plaintiff would not sue estopped defendant from asserting statute of limitations defense). See also MacKeen v. Kasinskas, 333 Mass. 695, 697-698 (1956) (defendant promised that plaintiffs insurance claim would be settled and that it was unnecessary to hire a lawyer or sue the defendant).
Finally, the plaintiff concedes that its last contact with the defendant was in August, 1989, and that no additional repair attempts or representations were made by the defendant thereafter. At that point in time, when the plaintiff could no longer claim that he was postponing suit in reasonable reliance on assurances of repair which had failed or on repair promises which were no longer being made, a full twenty-one months remained before the statute of limitations on the plaintiffs breach of warranty claim would have expired. The plaintiff could have seasonably commenced suit at any time during that period. Yet the plaintiff delayed until October, 1992 before filing this action. On the basis of such evidence, the plaintiff cannot claim that his failure to comply with applicable limitations statutes was induced by any wrongful conduct by the defendant, and that the defendant should be estopped from raising the statute of limitations herein.
Accordingly, the trial court’s denial of the defendant’s Rule 41(b) (2) motion is reversed, the court’s judgment for the plaintiff is vacated, and this case is returned to the Malden Division for the entry of judgment for the defendant

The defendant initially raised the statute of limitations as a defense in its answer, and filed requests for rulings of law as to the expiration of the applicable limitations periods on each of the plaintiff’s claims.

The attorney who made this false representation in 1989 was later convicted and imprisoned for defrauding clients, and was disbarred from the practice of law.

See G.L.c. 260, §§4B (hit and run accidents); 4C (sexual abuse of minors); 7 (minor or mentally ill person); 8 (enemy aliens); 9 (non-residents); 10 (death of plaintiff); and 12 (fraudulent concealment) which toll the running of limitations periods based on the conditions and circumstances specified therein. The plaintiff has not even suggested, nor did the trial court find, that the defendant’s repair efforts amounted to a fraudulent concealment of the plaintiff’s cause of action, which would have required evidence of some “affirmative act done with intent to deceive.” White v. Peabody Constr. Co., 386 Mass. 121, 134 (1982).

The plaintiff does not indicate upon which type of estoppel, promissory or equitable, his claim is based. Equitable estoppel may be predicated upon misrepresentations of past or present facts. Promissory estoppel may be based on misrepresentations of future facts. Loranger Constr. Corp. v. E. F. Hauserman Co., 6 Mass. App. Ct. 152, 156 (1978), aff’d 376 Mass. 757, 761 (1978).