Burnes, J.
This is an action brought by Attorney Thomas Tucker for the collection of fees owed for legal services rendered. The defendant has asserted counterclaims for malpractice, including negligence (I), breach of contract (II), deceit (III), and breach of fiduciary duty (IV), as well as unjust enrichment (V) and violation of G.L.c. 93A (VI). Plaintiff now moves for a partial summary judgment ruling pursuant to Mass.R.Civ.P. 56, that defendant’s recovery be limited to a set off of the plaintiffs claim for fees. For the following reasons, the plaintiffs motion for partial summary judgment is ALLOWED. The court ORDERS counterclaims I-IV to be treated as claims for recoupment.
BACKGROUND
In 1988, plaintiff Thomas Tucker (“Tucker”) represented the defendant Anita Papale-Keefe (“Keefe”) in a lawsuit regarding a really trust created by Keefe’s deceased husband.[1] On January 11, 1991, judgment entered against Keefe. Keefe hired new counsel and appealed her adverse decision to the Appeals Court. Tucker agreed to refrain, and did refrain, from pursuing his claim for legal fees from Keefe until the conclusion of her appeal. There was no agreement between the parties that Keefe would not have to file her malpractice claim until the end of the appellate process. Indeed, the subject was apparently not discussed at all. Keefe points to no statements or actions, except Tucker’s deferral of his own suit, on which she relied or which led her to believe she could wait to file her suit.
The Appeals Court reversed the trial court’s decision and entered judgment in favor of Keefe on March 29, 1995.[2] On September 7, 1995, Tucker filed this lawsuit to recover $43,358.91 owed to him by Keefe for the work he performed on her original suit. Keefe counterclaimed against Tucker for legal malpractice and other claims. The events which constitute the defendant’s malpractice counterclaims occurred no later than March of 1991 and would have been time barred by the statute of limitations but for the counterclaim provisions of G.L.c. 260, §36. Plaintiff now seeks a summary judgment ruling limiting the defendant’s recovery on counterclaims I-IV to the extent of his recovery, if any for attorney fees.
DISCUSSION
I. Standard of Review
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party is unlikely to submit proof regarding that *559 element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting “on his or her pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of his case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Celotex Corp. v. Calrett, 477 U.S. 317, 322 (1986); Kourouvacilis, 410 Mass. at 711.
II. Defendant’s Counterclaims
A. Claims in Recoupment
Any counterclaims asserted by a defendant will relate back to the date the plaintiff filed the action. G.L.c. 260, §36. If the counterclaims arise out of the same transaction or occurrence which gave rise to the complaint, then the statute of limitations will not bar their presence in the case. Id. Any recovery on such claims, however, will be limited to the extent of plaintiffs claims.[3] Id.
Here, defendant’s counterclaims allege that the malpractice occurred between the years of 1989 and 1991; indeed, the attorney-client relationship between the parties ended in 1991. Claims for attorney malpractice, whether rooted in contract or tort, must be filed within three years from the time the cause of action accrued. G.L.c. 260, §4. Though Keefe’s counterclaims relate back to September 7, 1995, when Tucker first filed his complaint, the filing is still more than three years after the malpractice action accrued. Therefore, the strictures of G.L.c. 260, §36 will limit Keefe’s recoveiy to the extent of Tucker’s recovery — if any. To avoid this result, Keefe claims Tucker is equitably estopped from asserting the statute of limitations.
B. Equitable Tolling
Keefe argues that her claims should not be barred, that is, her recovery should not be limited, because she had a good faith belief that Tucker’s promise to forgo filing his suit until after the appeal also meant that she could wait to assert claims. Therefore, says Keefe, the statute of limitations should be equitably tolled so that she may pursue her claims for malpractice for the full amount of the damages that she may be able to prove.
Equitable tolling of the statute of limitations is used “only sparingly.” Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 728 (1997), citing Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990). Such relief, however, may be warranted “where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass.” Kusek v. Family Circle, Inc., 894 F.Supp. 522, 531 (D.Mass. 1995), quoting Irwin, 498 U.S. at 96.
Even when the court takes the facts in the light most favorable to Keefe and indulges every inference in her favor, equitable tolling has no place in this action. Here, Tucker promised that he would not press his claims for legal fees until after her appeal. Keefe alleges that based upon that promise alone she believed any claims she had against Tucker could wait, without regard to the statute of limitations, until he brought his suit.
No specific facts exist, nor does Keefe point to any, which would indicate that Tucker induced or tricked Keefe into allowing the statute of limitations to expire. Rather, she states in her affidavit only that it was her “belief and understanding” based on the “representations” and “conduct” of Tucker that he would not assert the statute of limitations as a defense. Yet, the only “conduct” of Tucker indicated is that he agreed to wait, and did wait, before pursuing his claims.
At most, there is an inference from their agreement that Keefe could wait to file and not fear the running of the statute. This inference, however, fails to rise to the level of misconduct necessary to equitably toll the same. See Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 235 (1959) (finding basis for equitable tolling because opponent misstated length of time for filing); McLearn v. Hill, 276 Mass. 519, 523 (1931) (permitting tolling of statute because defendant induced plaintiff to withdraw timely action).
In McLearn, the plaintiff had initiated a timely suit in District Court. While the plaintiffs case was pending in District Court, the defendant requested that the plaintiff discontinue his suit and consolidate it with others pending against him in Superior Court. After lengthy discussions, the plaintiff reached an agreement with the defendant to do so, but only after the statute of limitations for his negligence suit had run. The parties never discussed the statute or its possible effect on the new action. After plaintiff commenced the same suit in Superior Court pursuant to their agreement to consolidate, the defendant asserted the statute of limitations. In finding an appropriate basis in equity for tolling the statute of limitations, the Supreme Judicial Court determined that despite the lack of an express promise, “the arrangement suggested by the defendant could be carried out only by not pleading the statute.” McLearn, 276 Mass. at 527.
Unlike the plaintiff in McLearn, Keefe had never filed a timely suit. Additionally, no facts exist here which indicate that the waiving of any statute of limitations defense was an indispensable part of Tucker and Keefe’s agreement. Tucker and Keefe made the agreement at least three years before the statute had run on Keefe’s malpractice claims. Thus, in finding no valid equitable estoppel argument which could save Keefe’s malpractice counterclaims from the limitations imposed on them by G.L.c. 260, §36, those claims are to be treated as claims for recoupment.[4]
ORDER
For the foregoing reasons, it is hearby ORDERED that the plaintiffs motion for partial summary judg *560 ment as to defendant’s counterclaims is ALLOWED. It is further ORDERED that any recovery to which the defendant may be later entitled on counterclaims numbered I, II, III, and IV shall be limited to the amount of recovery had, if any, by the plaintiff.

 Papale-Keefe v. Altomare, Civil No. 88-2004 (Worcester Super. Ct. Oct. 17, 1995).

 Papale-Keefe v. Altomare, 38 Mass.App.Ct. 308 (1995).

 G.L.c. 260, §36 provides that “the provisions of law-relative to limitations of actions shall apply to a counterclaim by the defendant... .[A] counterclaim arising out of the same transaction occurrence that is the subject matter of the plaintiffs claim, to the extent of the plaintiffs claim, may be asserted without regard to the provisions of law relative to limitations of actions. Id. (emphasis added).

 The determination of the amount owed to Tucker, if any, is a question of fact for the fact-finder. Mulhern v. Roach, 398 Mass. 18, 23 (1986). Rightfully, that issue was not presented to the Court on summary judgment.