Paul NORTON, Plaintiff,

v.

Irene MICHONSKI and Joseph
Michonski, Defendants

No. 3:04CV192 (PCD).

United States District Court,
D. Connecticut.

April 19, 2005.

Edward M. Rosenthal, Willcutts & Assoc., Thomas P. Willcutts, Willcutts & Assoc., Hartford, CT, for Paul Norton, Plaintiff.

Andrew M. Dewey, Baio & Associates, Claudia A. Baio, Baio & Associates, Michele C. Camerota, Baio & Associates, Rocky Hill, CT, for Irene Michonski, Joseph Michonski, Defendants.

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Pursuant to Fed.R.Civ.P. 56 and Local Rule 56(a), Defendants move for summary judgment.[1] For the reasons stated below, Defendants' Motion [Doc. No. 25] is **denied.**

### I. BACKGROUND

Plaintiff resides in Suffield, Connecticut. On October 20, 1998 Plaintiff was involved in a motor vehicle accident in Palmer, Massachusetts, with a vehicle operated by Defendant Irene Michonski, and owned by Defendant Joseph Michonski.

After the accident Plaintiff, through counsel, contacted Defendants' insurer, Trust Insurance Company ("Trust"), with the intention of negotiating a settlement. In March of 2000, according to an affidavit by Plaintiff's counsel, the parties agreed

---

1. Defendants have moved to dismiss the present action, or in the alternative for summary judgment. Defendants base these alternative motions on the affirmative defense that Plaintiff's claim is barred by the applicable statute of limitations. In response, Plaintiff has submitted matters outside the pleadings to which both parties have made reference. As a result, Defendants' motion will be treated as a motion for summary judgment.

that the case was one of clear liability, that Trust's exposure on the claim would be substantial if Plaintiff's current knee problems were causally linked to the accident, that Trust's $100,000 policy limits would be exposed, and that if the parties failed to reach a settlement they would proceed to arbitration in Connecticut, and Plaintiff would cap his damages in the amount of Defendants' insurance coverage. (Willcutts Aff. ¶¶ 12–13.) Plaintiff alleges the parties acknowledged that this agreement would address "(1) Plaintiff's desire to be represented by his Connecticut counsel, who was already very knowledgeable regarding the plaintiff's complex medical history and claims, (2) Plaintiff's desire to resolve the case more quickly than litigating in court, (3) save both parties the costs of litigation, and (4) protect the defendants from a judgment in excess of their insurance coverage." *Id.*

On August 2, 2000 Trust was determined to be insolvent. Thereafter, Plaintiff received notice from the Massachusetts Insurers Insolvency Fund (the "Fund") that it was obligated to pay valid claims arising from certain insurance policies issued by Trust. Plaintiff alleges that a Fund representative had expressed its desire to resume efforts to settle Plaintiff's claim, and advised Plaintiff that he needed to first exhaust any uninsured motorist policies. (Willcutts Aff. ¶¶ 19–20.) In October, 2001, after exhausting all uninsured motorist policies, Plaintiff entered into negotiations with the Fund in order to settle his claim. In the fall of 2002, the Fund offered to settle Plaintiff's claim for $10,000. Plaintiff rejected this offer and demanded that the parties proceed to arbitration as agreed. In response, the Fund asserted that Plaintiff's claims were now barred by the statute of limitations, and that it was not bound by Plaintiff's and Trust's agreement to arbitrate. Subsequently, Plaintiff commenced the present action on February 3, 2004.

## II. STANDARD OF REVIEW

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" *Amnesty Am. v. Town of W. Hartford,* 288 F.3d 467, 470 (2d Cir.2002) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). Summary judgment is proper when reasonable minds could not differ as to the import of evidence. *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). "Conclusory allegations will not suffice to create a genuine issue." *Delaware & Hudson Railway Co. v. Consolidated Rail,* 902 F.2d 174, 178 (2d Cir.1990). Determinations as to the weight to accord evidence or credibility assessments of witnesses are improper on a motion for summary judgment and as such are within the sole province of the jury. *Hayes v. N.Y. City Dep't of Corr.,* 84 F.3d 614, 619 (2d Cir.1996).

## III. DISCUSSION

Defendants move for summary judgment on the ground that Plaintiff's claim is barred by the applicable statute of limitations, and further that Defendants should not be estopped from raising the statute of limitations as a defense. In response,

Plaintiff asserts that his claim should not be time barred, as Defendant should be estopped from raising the statute of limitations. Accordingly, the Court must determine the applicable substantive law, the applicable statute of limitations, and whether under the appropriate substantive law Defendants should be estopped from raising the statute of limitations as a defense.

### A. Choice of Law

#### 1. Substantive Law

Here, although neither party has undertaken a choice of law analysis or made any arguments as to which states' *substantive* law should govern the cause of action, this Court is persuaded, based upon its own review of the law, that the substantive law of Massachusetts should apply in this case.

In a case grounded on diversity jurisdiction "a court of the United States must look to the law of the forum state for the rules governing the choice of law." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, this Court must look to the Connecticut rules governing choice of law, to determine whether the substantive law of Massachusetts or Connecticut will govern the claim.

■ Connecticut adheres to the doctrine of *lex loci delicti*, under which the "substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury." *O'Connor v. O'Connor*, 201 Conn. 632, 637, 519 A.2d 13 (1986). However, in cases where strict application of *lex loci delicti* would frustrate "the legitimate expectations of the parties" or would undermine "an important policy of this state," the courts have refused to apply the doctrine. *Id.*

For example, in *Simaitis v. Flood*, 182 Conn. 24, 437 A.2d 828 (1980), two Connecticut residents were involved in an automobile accident while traveling on business in Tennessee. The issue was whether the workers' compensation act of Tennessee, which barred the claim, or of Connecticut, which allowed the claim, should apply. *Id.* at 29, 437 A.2d 828. Although the injuries had occurred in Tennessee, the Court applied Connecticut law, reasoning that to hold otherwise would "bestow upon temporary visitors injured in Connecticut all the relief which the Connecticut compensation act affords, but deny the same relief to Connecticut residents injured while on temporary business outside the state, even when all the other incidents of employment are in Connecticut." *Id.*

■ In cases where *lex loci delicti* would produce an arbitrary or irrational result, the courts have a adopted an approach similar to that of the Restatement (Second) of Conflicts of Laws. *O'Connor*, 201 Conn. at 638, 519 A.2d 13. Under this approach, the relevant factors for consideration by the court include "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protections of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." *Id.* at 651, 519 A.2d 13.

■ The present case is governed by the substantive law of Massachusetts. Massachusetts was the site of the accident and the location in which Plaintiff's injuries were sustained. Thus, under the doctrine of *lex loci deliciti*, the substantive rights and obligations of the parties are determined by Massachusetts law. *O'Connor*, 201 Conn. at 637, 519 A.2d 13. Furthermore, the facts present no reason to depart from the doctrine of *lex loci deliciti* as the application of Massachusetts law

will not produce an arbitrary or irrational result, or frustrate the legitimate expectations of the parties. The accident occurred in Massachusetts, Defendants are Massachusetts residents, and Plaintiff at one point even retained Massachusetts counsel in anticipation of filing suit in Massachusetts. Therefore, Massachusetts substantive law will govern the claim.

## 2. Statute of Limitations

Defendants argue that under the doctrine of *lex loci delicti* and the Restatement (Second) of Conflicts of Laws the Massachusetts statute of limitations should apply.[2] Further, Defendants argue that Plaintiff's claim is barred by either state's statute of limitations. In contrast, Plaintiff has made no arguments regarding whether Connecticut's or Massachusetts statute of limitations should apply. Rather, Plaintiff argues that Defendants should be estopped from raising either state's statute of limitations.

■■■■ In cases grounded on diversity jurisdiction the court must apply "the statute of limitations that the court of the forum state would apply." *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 518, 73 S.Ct. 856, 97 L.Ed. 1211 (1953). Under Connecticut law, statute of limitations are generally considered "procedural" *Baxter v. Sturm, Ruger and Co., Inc.*, 230 Conn. 335, 339, 644 A.2d 1297 (1994). As such, a Connecticut court is bound to apply Connecticut's statute of limitations. *Id.* The only exception to this general rule is in

**2.** Defendants have misapplied *both* the doctrine of *lex loci delicti* and the Restatement (Second) of Conflicts of Laws to their statute of limitations analysis. As noted above, the two doctrines are used to determine the applicable *substantive* law. Thus, they are only appropriate in the rare cases in which the statute of limitations is determined to be substantive.

**3.** As noted above this case is governed by the substantive law of Massachusetts. However,

cases where the cause of action did not exist at common law, and the foreign statute of limitations is so interwoven with the statute creating the cause of action, that it becomes one of the elements necessary to establish the right. *Id.* In such cases, the statute of limitations is considered substantive, and the foreign statute of limitations governs. *Id.*

■■■ The present case is governed by Connecticut's two year statute of limitations, CONN.GEN.STAT. § 52–584 (2005). This Court's jurisdiction is grounded on diversity, and thus, the Court must apply the statute of limitations that a Connecticut court would apply. *Wells v. Simonds Abrasive Co.*, 345 U.S. at 518, 73 S.Ct. 856. Here, a Connecticut court would apply Connecticut's own statute of limitations. *Baxter*, 230 Conn. at 339, 644 A.2d 1297. Plaintiff's negligence claim existed at common law. As such, the facts present no reason to depart from Connecticut's general practice of treating statutes of limitations as procedural. Accordingly, Connecticut's two year statute of limitations applies to the present case.

## B. Estoppel

It is undisputed that, under Connecticut's two year statute of limitations, Plaintiff's claim would be time barred. Therefore, the only remaining issue is whether, under the substantive law of Massachusetts, Defendants can be estopped from raising the statute of limitations as a defense.[3]

neither party has argued whether the substantive law of Massachusetts or Connecticut should govern this case. Defendants cite estoppel law from several jurisdictions, including Massachusetts, and argue they should prevail under each. Conversely, Plaintiff argues under Connecticut law that Defendants should be estopped from raising the statute of limitation. Plaintiff, however, makes no argument why Connecticut estoppel law should apply. In this case, the Massachusetts law governing whether a party should be estopped

Plaintiff argues that Defendants should be estopped from raising the statute of limitations as a defense because Trust, as Defendants' agent, promised to arbitrate if and when efforts to settle failed, and because even after Trust became insolvent the Fund made further representations to induce forbearance from filing suit which continued beyond the limitations period. Plaintiff argues that he reasonably relied on these promises and statements in delaying to file the present case.

Conversely, Defendants argue that Plaintiff has failed to establish that there was a material misrepresentation of a party who had reason to know of any falsity, that there was reasonable reliance upon the misrepresentation, and has failed to prove that there was some disadvantage to Plaintiff as a result. Defendants also claim the facts do not support any agreement between Plaintiff and Trust, and further that any such agreement became meaningless once Trust became insolvent.[4]

■ Under Massachusetts law, a plaintiff has the burden "of proving that the defendant is estopped from asserting the statute of limitations as a bar to their claim." *Pagliarini v. Iannaco*, 440 Mass. 1032, 1032, 800 N.E.2d 696 (2003). To meet this burden a plaintiff must show that the "statements of the defendant lulled the plaintiff into the false belief that it was not necessary to commence action within the statutory period of limitation, that the plaintiff was induced by these statements to refrain from bringing suit, as otherwise the plaintiff would have done, and was thereby harmed, and that the

defendant knew or had reasonable cause to know that such consequence might follow." *Id.* (quoting *Ford v. Rogovin*, 289 Mass. 549, 552, 194 N.E. 719 (1935)). A plaintiff must also show that reliance on the defendant's statements was reasonable. *Id.*

■ Estoppel may be created not only by "fraud arising from an intention to mislead" but also by "words or conduct not consonant with fairness and designed to induce action by the plaintiff to his harm." *McLearn v. Hill*, 276 Mass. 519, 527, 177 N.E. 617 (1931). For example, in *MacKeen v. Kasinskas*, 333 Mass. 695, 132 N.E.2d 732 (1956) the Court held there was sufficient evidence of estoppel to permit the case to go to a jury, where an adjuster for the defendant's insurer told the plaintiff there was no need to get a lawyer, and that the insurer would take care of all the plaintiff's bills and expenses. Similarly, in *Baker v. Coca Cola Bottling Co. of Cape Cod*, 5 Mass.App.Ct. 217, 361 N.E.2d 944 (1977), the court held a genuine issue of material fact existed where the plaintiff's former attorney did not file suit within the period of limitation because of "statements by the insurer's claims representative that the case would be settled for payment of medical expenses." *Id.* at 218, 361 N.E.2d 944.

■ Plaintiff has met his burden at this stage of the proceedings, as he has established genuine issues of material fact regarding the existence of the alleged agreement to arbitrate, and whether Defendants

from raising the statute of limitation as a defense is virtually identical to that of Connecticut. Consequently, the Court will evaluate the parties factual allegations under Massachusetts law.

4. Defendants state that they are not bound by any agreement between Plaintiff and Trust, as

Defendants' agent, because any such agreement became meaningless once Trust became insolvent. However, Defendants offer no law or argument in support of this assertion. As a result, the Court will not address this bare assertion or attempt to raise arguments not raised by the parties themselves.

knew or should have known that such agreement, and later statements by the Fund that it wished to resume efforts to settle, would induce Plaintiff to forego bringing suit prior to the expiration of the applicable limitation period. Therefore, it cannot be said as a matter of law that Plaintiff was not justified in relying on the alleged agreement to arbitrate, subsequent statements by Fund representatives that the Fund wished to pick up where Trust left off and resume efforts to settle, and that Plaintiff needed to exhaust all uninsured motorist coverage.

Defendants place heavy reliance on the case of *McInerney v. Mason,* 59 Mass.App. Ct. 1108, 797 N.E.2d 503, 2003 WL 22410670 (2003). However, *McInerney* is readily distinguishable on its facts. In *McInerney,* the plaintiff claimed that the defendants had misrepresented the actual date of the accident, and that the plaintiff had relied on such misrepresentation in not filing suit within the limitations period. *Id.* In affirming the trial court's grant of summary judgment, the court merely held that the plaintiff's reliance on the misrepresented accident date was not reasonable because the plaintiff knew the correct date of the accident. *Id.* In the present case, Plaintiff is not claiming to have relied upon a factual misrepresentation, which Plaintiff knew was incorrect. Rather, Plaintiff claims he was induced to forego filing suit within the limitations period because of an alleged promise to arbitrate, and later statements that the parties wished to resume efforts to settle.

It follows that Plaintiff has raised genuine issues of material fact, and it cannot be said that Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment is denied.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgement is denied.

SO ORDERED.