BENJAMIN FORD *vs.* ISADORE H. ROGOVIN.

Suffolk.    January 8, 1935. — February 25, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Limitations, Statute of.   Estoppel.   Waiver.   Practice, Civil,* Exceptions.

Even before the enactment of St. 1930, c. 340, § 1, whereby the insur-
ance coverage required by the statutes pertaining to compulsory
motor vehicle liability insurance was extended to include certain
consequential damages, an action for personal injuries sustained on a
public way through the operation of a motor vehicle, notwithstand-
ing that the plaintiff sought also to recover medical expenses incurred
by him as a result of his injuries, was an action "of tort for bodily
injuries . . . the payment of" the judgment "in which is required to
be secured by chapter ninety," within the meaning of G. L. c. 260, § 4,
as amended by Sts. 1921, c. 319, § 1; 1925, c. 346, § 10, and must be
commenced within one year after the cause of action accrued.
An action for personal injuries sustained on a public way through neg-
ligence of the defendant in the operation of a motor vehicle was
commenced more than fifteen months after the cause of action arose.
The defendant pleaded the one-year statute of limitations. *Held,*
that a finding that the defendant agreed to waive the statute or was
estopped to rely on it was not warranted by evidence showing merely
that, about two months after the plaintiff was injured, his attorney
talked with the defendant, who told the attorney the name of the
insurance company which had issued liability insurance upon the
motor vehicle and told him that it would not be necessary for him
to bring action, that the plaintiff "need not worry" and that the
defendant would "see to it that his insurance company would settle
the case."
The burden is on the plaintiff in an action to show residence of the
defendant out of the Commonwealth of such a character that the
time thereof is to be deducted, under G. L. (Ter. Ed.) c. 260, § 9,
in computing the period limited for the commencement of the action.
In an action commenced more than three months after the expiration of
the period limited by statute for its commencement, a finding that
the defendant so resided out of the Commonwealth for any time
within that period was not warranted by testimony by the plain-
tiff's attorney that "just prior to bringing the suit" the plaintiff
came to see him and that as a result of the visit he "drew a writ,
but it wasn't served, because . . . [the defendant] couldn't be found
and we drew other writs later": it did not appear that any attempt
to serve a writ on the defendant was made within the period limited.
Ordinarily, an exception to the exclusion of a question to a witness at a trial
will not be sustained where the excepting party made no offer of proof.

Tort. Writ dated July 12, 1929.

The action was tried in the Superior Court before *Donahue*, J. Material evidence for the plaintiff is stated in the opinion. It appeared that the plaintiff's injuries were sustained on a public way. At the close of the plaintiff's evidence, the defendant rested and the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. Leventhal*, (*S. H. Kalish* with him,) for the plaintiff.

*R. J. Coffin*, for the defendant.

Field, J. This is an action of tort to recover compensation for personal injuries to the plaintiff and damage to his automobile resulting from the negligent operation by the defendant of his automobile. The declaration is in two counts, the first for personal injuries and the second for property damage. The defendant pleaded general denial, contributory negligence and, to the first count, the one-year statute of limitations. The second count was waived and a verdict for the defendant was directed on the first count. The plaintiff excepted to the direction of the verdict and to the exclusion of evidence.

First. The verdict was directed rightly on the ground that the action was barred by lapse of time under G. L. c. 260, § 4, as amended by Sts. 1921, c. 319, § 1; 1925, c. 346, § 10.

The accident occurred and, consequently, the cause of action accrued on March 30, 1928. On no view of the law was the action commenced before the date of the writ, July 12, 1929. *Bickford* v. *Furber*, 271 Mass. 94, 97. By said § 4, as so amended (see now St. 1933, c. 318, §§ 5, 9), "actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." This is such an action, even though the plaintiff sought to recover for "medicine and medical attendance" for himself and the action was brought before the passage of St. 1930, c. 340. *McAdam* v. *Federal Mutual Liability Ins. Co.* 288 Mass. 537, 539. Compare *Bartlett* v. *Hall*, 288 Mass. 532. The action, there-

fore, is barred unless on some ground it is taken out of the operation of the statute. But the evidence did not warrant a finding of facts which would take it out of the operation of the statute on any ground.

1. The evidence did not warrant a finding that the defence of the statute of limitations was waived by the defendant or that he is estopped to set up this defence.

The defendant has not waived the defence of the statute of limitations by failing to plead it and, so far as appears, has not failed to insist upon this defence throughout the trial of the case. Furthermore, it does not appear that he ever made any express agreement to waive this defence. See *Sheehan* v. *Commercial Travelers Mutual Accident Association of America*, 283 Mass. 543, 551.

The evidence bearing on waiver or estoppel was as follows: The attorney at law who brought this action testified at the trial that he was with the plaintiff at the time of the accident, that he "took the name, registration and license number of the defendant" and "before leaving the scene of the accident . . . talked with the defendant who said that he would be around to see the plaintiff and that he was insured." This witness also testified that toward the end of May, 1928, he "heard from the defendant" who "gave the witness the name of his insurance company," and "told the witness that it would not be necessary to bring any suit . . . in behalf of the plaintiff and that the defendant would see to it that his insurance company would settle the case." The witness testified that he wrote to the insurance company on June 2, 1928, and that he "may have seen . . . [the defendant] once more." On cross-examination this witness testified that "the last interview he remembers with the defendant was in May, 1928; that the defendant said that the plaintiff need not worry; that the insurance company would take care of the amount of his damage; . . . that it was at that interview that the witness first learned the name of the insurance company; that at that time, the defendant told the witness that he would see that the insurance company made a settlement." The plaintiff testified "that he

never talked to the defendant about the accident; that he went to the insurance company about eight or nine months, maybe ten months, after the accident."

The ground on which the plaintiff relies to avoid the defence of the statute of limitations — whether described as waiver of the defence or estoppel to set it up — is that the statements of the defendant lulled the plaintiff into the false belief that it was not necessary for him to commence action within the statutory period of limitations (see *McCord* v. *Masonic Casualty Co.* 201 Mass. 473, 476), that the plaintiff was induced by these statements to refrain from bringing suit, as otherwise he would have done, and was thereby harmed, and that the defendant "knew or had reasonable cause to know that such consequence might follow." *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. In *McLearn* v. *Hill,* 276 Mass. 519, it was decided that a defendant may be estopped to set up the statute of limitations here involved and it was pointed out that "fraud in its strict sense is not essential to estoppel," but an estoppel may be created not only by "fraud arising from an intention to mislead" but also by "words or conduct not consonant with fairness and designed to induce action by the plaintiff to his harm in nature not different from that caused by fraud in its grosser aspects" (page 527). But the words or conduct must be such that a reasonable man would rely thereon. *Tracy* v. *Lincoln,* 145 Mass. 357, 359. And "the doctrine of estoppel is not applied except when to refuse it would be inequitable." *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291.

Not only was there no express agreement to waive the defence of the statute of limitations, but the defendant's statements did not refer in terms to that statute. His statements did not purport to be more than representations that it would not be necessary for the plaintiff to bring suit because the defendant would see to it that the insurance company would settle the case. They were not, however, assurances that the defendant would settle the case himself if the insurance company did not, or assurances that he had authority to bind the insurance company to make a

settlement or power to compel it to do so. Furthermore, no specific terms of settlement were agreed upon or even suggested and the plaintiff made no promise to accept a settlement which might be proposed. The statements, on the interpretations thereof most favorable to the plaintiff, contemplated a settlement within a reasonable time. At most, therefore, they justified only reasonable delay on the part of the plaintiff in commencing action in order to await the result of his negotiations for settlement with the insurance company or of the efforts of the defendant to bring about such a settlement. See Williston on Contracts, § 186. All the statements by the defendant were made within about two months after the cause of action accrued. About ten months remained within which action might be commenced. During this period of ten months, so far as appears, there were no words or conduct of the defendant calculated to lull the plaintiff into security. Consequently it could not have been found that the words and conduct of the defendant were such that it was reasonable for the plaintiff, in reliance thereon, to delay commencing action until the period of limitation fixed by the statute had expired. The evidence falls far short of that in *Webber* v. *Williams College*, 23 Pick. 302, and in *McLearn* v. *Hill*, 276 Mass. 519, cases relied on by the plaintiff.

2. It could not have been found on the evidence that the defendant resided out of the Commonwealth for any period of time within the year after the plaintiff's action accrued and, consequently, that there is any time to be "excluded in determining the time limited for the commencement of the action" under G. L. c. 260, § 9.

The burden of proof was on the plaintiff to show residence of the defendant out of the Commonwealth of such a character that the time thereof is to be deducted in computing the period of limitation. *Slocum* v. *Riley*, 145 Mass. 370, 371. See *Nichols* v. *Vaughan*, 217 Mass. 548, 550. The evidence does not supply such proof. The plaintiff relies on the testimony of the attorney who brought the action that "just prior to bringing the suit" the plaintiff came to see him and that as a result of the visit he "drew a writ,

but it wasn't served, because Rogovin couldn't be found and we drew other writs later." It is enough to say, without further discussion of the insufficiency of the evidence, that it does not appear that the attempt to serve a writ on the defendant was made within a year after the plaintiff's cause of action accrued.

Second. No prejudicial error is shown in the exclusion of evidence.

The attorney who brought this action for the plaintiff, after testifying that the writ drawn by him was not served because the defendant could not be found, was asked by counsel for the plaintiff, "Why couldn't you find Rogovin?" And on objection by counsel for the defendant the question was excluded subject to the plaintiff's exception. It does not appear that the exclusion was harmful to the plaintiff. No statement to the judge of the substance of the expected answer was made. And the rule is applicable that ordinarily in the absence of such a statement an exception to the exclusion of the question cannot be sustained. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7, 10.

*Exceptions overruled.*