BARTHOLOMEW W. COSENTINO *vs.* KENNETH W. COSENTINO. September 17, 1980. 1. Assuming that the unsigned and unnotarized affidavit of the defendant reproduced in the record appendix on appeal brings before us any issue as to the bias of the master, and assuming that the defendant raised the question of bias properly in the trial court before the report was read to the jury, we find no error by the trial judge in allowing the master's report to be read to the jury. Cf. *Dittemore* v. *Dickey*, 249 Mass. 95, 99 (1924) (motion for appointment of a new master).

2. The defendant argues also that the judge should have cured the bias of the master's report by proper instructions. The defendant not having sought corrective instructions cannot properly complain that they were not given.

3. The evidence, including the master's report, warranted a finding of a resulting trust in favor of the plaintiff as there was evidence that no gift was intended and that Kenneth never paid for the shares. See *Barry* v. *Barry*, 2 Mass. App. Ct. 809, 810 (1974).

4. The six-year statute of limitations, G. L. c. 260, § 2, is not a bar as it does not "begin to run in favor of a trustee against a beneficiary until the trustee has repudiated the trust and knowledge of that repudiation has come home to the beneficiary." *Kearney* v. *Mechanics Natl. Bank*, 343 Mass. 699, 703 (1962). The action was commenced in 1975, and there was evidence that the trust was not repudiated until 1971.

*Judgment affirmed.*

*David C. Williams* for the defendant.
*James R. DeGiacomo* (*Judith K. Wyman* with him) for the plaintiff.