LAURA PAGLIARINI, executrix,[1] & another[2] *vs.* ANGELO
IANNACO, JR., individually and as trustee.[3]

No. 00-P-1736.

Middlesex. November 12, 2002. - March 20, 2003.

Present: PORADA, LENK, & GRASSO, JJ.

Further appellate review granted, 439 Mass. 1108 (2003).

*Mortgage,* Action for deficiency, Foreclosure. *Limitations, Statute of. Practice, Civil,* Statute of limitations.

In a civil action to recover a deficiency on a foreclosed mortgage, the defendant was not estopped from asserting the statute of limitations as a defense, where the plaintiffs failed to show that they were induced by the defendant's statements or conduct to put off filing their lawsuit until after the limitations period had run. [603-605]

CIVIL ACTION commenced in the Superior Court Department on December 17, 1997.

The case was tried before *Martha B. Sosman,* J.

*James C. Rehnquist* for the defendant.

*Dana E. Casher* for the plaintiffs.

PORADA, J. Based on a Superior Court jury's answers to special questions that the plaintiffs acted reasonably in delaying filing this action within the time set by the statute of limitations to collect a deficiency on a promissory note after a foreclosure sale, a Superior Court judge entered judgment for the plaintiffs. The defendant's sole claim on appeal from the judgment is that the evidence was insufficient to establish estoppel to bar the defendant's affirmative defense of the statute of limitations.[4] We reverse.

---

[1] Of the estate of Peter J. Pagliarini.

[2] Marvin H. Siegel.

[3] Of the Shirley Ave. Realty Trust.

[4] The defendant did not file a complete transcript of the evidence to support his claim that the evidence was insufficient to establish estoppel. See *Wooldridge* v. *Hickey,* 45 Mass. App. Ct. 637, 641 (1998) ("A party claiming an

We summarize the evidence in the light most favorable to the plaintiffs. The plaintiffs were the holders of a promissory note from the defendant secured by a mortgage. The plaintiffs foreclosed on the mortgage on September 21, 1995, leaving a deficiency of some $422,000. Several months after the foreclosure, the plaintiff Marvin H. Siegel, who was an attorney, hired an agency to run a check on the defendant's assets and discovered that the defendant was the owner of a number of parcels of real estate which he had lost through the foreclosure of mortgages given by him on those parcels and which he had subsequently reacquired after the foreclosure sale. After the foreclosure, the defendant had several conversations with Siegel during which the defendant said he would take care of the deficiency. Those conversations consisted of statements that he had "all these properties that [he lost through] foreclosure and he got every one of them back"; "[y]ou know I'm going to do this[,] I've got them back before"; and "if you'd just be patient and let me get myself out of this, you're going to get the money." The plaintiff Laura Pagliarini offered similar testimony based on what Siegel relayed to her.

insufficiency of the evidence . . . has the burden on appeal of furnishing the court with all the evidence"). The plaintiffs did not object and do not dispute that the panel has the relevant evidence to decide this matter based on the appendix and supplemental appendix which contain excerpts from the transcript and the trial exhibits. After oral argument and in response to the panel's queries why the complete transcript was not filed, the defendant submitted a further written explanation that he relied on the wording of Mass.R.A.P. 8(b)(1), as amended, 378 Mass. 932 (1979), which states that an appellant need only furnish the "evidence relevant to such finding or conclusion" and believed the court had all the relevant evidence necessary for the review of his claims on appeal, and sua sponte furnished the court with two volumes of the trial transcript. However, those two volumes did not contain a transcript of the entire testimony of the witnesses, the parties' closing arguments, or the judge's instructions to the jury.

Based on (1) the defendant's reliance on the wording of rule 8(b), which may have misled the defendant in this case; and (2) the apparent agreement between the parties that we have been furnished the relevant evidence to review the issues raised, we requested the defendant to furnish us a complete transcript and, having received the same, proceed to review the issue presented on appeal rather than deny review. See *Menard* v. *McCarthy*, 410 Mass. 125, 128-129 (1991) (plaintiffs' failure to reproduce trial transcript in record appendix, in reliance on Mass.R.A.P. 18[b], as amended, 378 Mass. 940 [1979], was neither unreasonable nor in bad faith, and omission did not warrant denial of review of issue presented on appeal).

In June or July of 1997, the plaintiffs decided to sue the defendant for the deficiency. On August 20, 1997, they hired an attorney to bring suit and authorized the attorney to file suit against the defendant. The attorney did not file suit until December 17, 1997, approximately three months after the statute of limitations had expired on September 20, 1997. Siegel does not remember whether any of the conversations he had with the defendant occurred between August 20, 1997, and the time the attorney filed suit in December, 1997. Siegel testified that he delayed filing suit after the foreclosure because of the friendly relationship he had with the defendant and because he thought that the defendant would be able to buy the foreclosed property back as he had done with several of his other properties and that the plaintiffs would get their money.

At trial, the plaintiffs bore the heavy burden of proving that the defendant was estopped from asserting the statute of limitations as a bar to their claim. See *Clickner* v. *Lowell*, 422 Mass. 539, 544 (1996). To meet their burden, the plaintiffs were required to show that "the statements of the defendant lulled the plaintiff[s] into the false belief that it was not necessary for [them] to commence action within the statutory period of limitations . . . , that the plaintiff[s] [were] induced by these statements to refrain from bringing suit, as otherwise [they] would have done, and [were] thereby harmed, and that the defendant 'knew or had reasonable cause to know that such consequence might follow.' " *Ford* v. *Rogovin*, 289 Mass. 549, 552 (1935), quoting from *Boston & Albany R.R.* v. *Reardon*, 226 Mass. 286, 291 (1917). The plaintiffs must also prove that their reliance on those statements was reasonable. *Knight* v. *Lawrence*, 331 Mass. 293, 295 (1954). The defendant argues that the evidence was insufficient to show that the plaintiffs were induced to put off filing this lawsuit until after the limitations period had run or that their reliance on those statements was reasonable.

We conclude that the evidence was insufficient to establish that the plaintiffs were induced by the defendant's statements or conduct from filing this lawsuit until after the limitations period had run. Although Siegel testified that he had several conversations with the defendant from which one could infer that if the plaintiffs would remain patient they would get their money, Sie-

gel also testified that because of pressure from Pagliarini, the plaintiffs decided in June or July of 1997 that they would sue the defendant and that on August 20, 1997, a month before the statute of limitations was to expire, they authorized an attorney to bring an action against the defendant for the deficiency due them under their promissory note. Siegel testified that he does not know whether any of the several conversations he had with the defendant occurred during the time period of August 20, 1997, when the suit was authorized, and December 17, 1997, when the suit was filed. Nevertheless, the plaintiffs submitted no evidence that after August 20, 1997, they instructed their attorney to refrain from suing the defendant based on the defendant's statements or otherwise; that their attorney relied on any representations made by the defendant to the plaintiffs; or that their attorney did not have ample time to draft the short five-paragraph complaint filed in this case once he was authorized to do so and to commence this action within the one-month period remaining within the limitations period. Cf. *LaBonte* v. *N.Y., N.H. & H.R.R.*, 341 Mass. 127, 132 (1960) (estoppel barred defense of statute of limitations after plaintiff told his attorney that he was not going to pursue his claim based on second representation made to him by defendant's agent that defendant would take care of claim and that agent would contact him at date which was subsequent to expiration of statute of limitations); *Baker* v. *Coca Cola Bottling Co. of Cape Cod*, 5 Mass. App Ct. 217, 218-219 (1977) (question of fact whether estoppel barred plea of statute of limitations defense where plaintiff's attorney relied on representation by insurance agent that proposed settlement would be accepted). While the defendant's statements or conduct may have initially resulted in the plaintiffs' delay in commencing this action, without a doubt the circumstances inducing delay ceased by August 20, 1997, when the plaintiffs authorized their attorney to institute suit. The plaintiffs proffered no evidence that, by reason of the defendant's actions, their attorney lacked adequate time to institute suit prior to the running of the statutory limitations period, nor did they offer an explanation why this action was not commenced within the limitations period once they authorized their attorney on August 20, 1997, to do so. Thus,

the defendant was not estopped from asserting the statute of limitations as a defense. See *Ford* v. *Rogovin*, 289 Mass. at 553. Equitable estoppel will not apply if a reasonable time remains within the limitations period for filing the action once the circumstances inducing the delay have ceased. *Ibid.* See *Deisenroth* v. *Numonics Corp.*, 997 F. Supp. 153, 157 (D. Mass. 1998) (statute of limitations defense not waived where defendant did not gull plaintiff by making representations regarding settlement throughout entire limitations period; discussions had ceased at least one year before expiration of three-year statute of limitations).

The judge should have entered judgment for the defendant based on the ground that the plaintiffs' action was barred by the statute of limitations.[5]

*Judgment reversed.*

*Judgment is to enter for the defendant.*

---

[5]The defendant filed a motion for a directed verdict at the close of the plaintiffs' evidence and a motion for a judgment not withstanding the verdict.