LAURA PAGLIARINI, executrix,[1] & another[2] *vs.* ANGELO IANNACO, JR., individually & as trustee.[3] December 18, 2003. *Mortgage,* Action for deficiency, Foreclosure. *Limitations, Statute of. Practice, Civil,* Statute of limitations. *Estoppel.*

Based on a Superior Court jury's answers to special questions that the defendant knowingly induced the plaintiffs to delay commencing their action to collect a deficiency on a promissory note after foreclosure, and that the plaintiffs' reliance on that inducement was reasonable, a Superior Court judge entered judgment for the plaintiffs. On appeal, the defendant argued that the evidence was insufficient to establish estoppel to bar his affirmative defense of the statute of limitations. The Appeals Court reversed the judgment, concluding that once the plaintiffs decided to bring an action and hired an attorney to file suit the "circumstances inducing the delay [had] ceased." *Pagliarini* v. *Iannaco,* 57 Mass. App. Ct. 601, 605 (2003). The attorney was hired, and directed by his client, to file suit, one month before the statute of limitations ran. But the attorney failed to file suit until four months later. Because there was no evidence proffered by the plaintiffs to suggest either that the defendant had induced the attorney to delay filing the suit, or that the time remaining was inadequate to institute the action, the Appeals Court concluded that judgment should have entered for the defendant because the plaintiff had not complied with the applicable statute of limitations.[4] We granted the plaintiffs' application for further appellate review.

The plaintiffs have the burden of proving that the defendant is estopped from asserting the statute of limitations as a bar to their claim. *Clickner* v. *Lowell,* 422 Mass. 539, 544 (1996). It has long been the rule that to meet this burden, a plaintiff must show that the "statements of the defendant lulled the plaintiff into the false belief that it was not necessary . . . to commence action within the statutory period of limitations . . . that the plaintiff was induced by these statements to refrain from bringing suit, as otherwise [the plaintiff] would have done, and was thereby harmed, and that the defendant 'knew or had reasonable cause to know that such consequence might follow.' " *Ford* v. *Rogovin,* 289 Mass. 549, 552 (1935), quoting *Boston & Albany R.R.* v. *Reardon,* 226 Mass. 286, 291 (1917). A plaintiff must also show that reliance on the defendant's statements was reasonable. *Knight* v. *Lawrence,* 331 Mass. 293, 295 (1954). Implicit in these requirements is that the defendant's inducements caused the plaintiffs to delay taking appropriate, timely legal action. Although the jury found that the defendant's statements induced some delay in the bringing of the lawsuit, they could not have found, based on the evidence, that those statements caused the plaintiffs to delay taking action until after the statute of limitations had expired.

We agree with the Appeals Court that "[e]quitable estoppel will not apply if a reasonable time remains within the limitations period for filing the action once the circumstances inducing the delay have ceased," *Pagliarini* v. *Ian-*

---

[1] Of the estate of Peter J. Pagliarini.

[2] Marvin H. Siegel.

[3] Of the Shirley Ave. Realty Trust.

[4] The only evidence at trial regarding the reason for the four-month delay in bringing suit was that neither the plaintiffs (one of whom was a lawyer) nor their attorneys realized that the limitations period for bringing an action to collect a deficiency was only two years after the date of the foreclosure sale. G. L. c. 244, § 17A.

*naco, supra* at 605, and that once the plaintiffs hired an attorney and directed that suit be filed, those circumstances had ceased. While the question whether the time remaining was reasonable (or not) may be one for the jury to decide where the facts are disputed or the matter rests largely on inference, the evidence presented in this case warrants but one conclusion. There was no evidence on which the jury could have found that the time remaining was not reasonable for the filing of a five paragraph straightforward complaint for the collection of a deficiency. Where the plaintiffs bore the burden of proof, the defendant's motion for a directed verdict should have been allowed.[5]

*Judgment reversed.*

*Dana E. Casher* for the plaintiffs.
*James C. Rehnquist* for the defendant.

---

[5]The plaintiffs complain that the motion for directed verdict was not specifically based on the theory, now pressed on appeal, that they failed to show that they were induced to delay filing the lawsuit until after the limitations period had run. While Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974), requires that a "motion for a directed verdict shall state the specific grounds therefor," the gravamen of the motion was that the evidence of inducement and reasonable reliance was insufficient as a matter of law to establish estoppel. In support of the motion, the defendant cited but one case, *Ford* v. *Rogovin,* 289 Mass. 549 (1935), in which the court concluded that where adequate time remained to file suit after the inducing conduct had ended it could not have been found reasonable for the plaintiff to delay commencing the action until after the limitations period expired. In addition, the plaintiffs cannot complain that they had no opportunity to correct the alleged evidentiary deficiency in their case, or that they were ambushed on appeal. A review of the transcript makes clear that one of the principal theories pressed by the defendant from his opening through the end of trial was that the plaintiffs decided to file the lawsuit before the statute expired and hired an attorney to do so, and that any failure thereafter was the product of attorney error having nothing to do with actions of the defendant. In these circumstances, the defendant adequately preserved the directed verdict argument he makes on appeal.

