Connor, John P., J.
The plaintiff is seeking recovery against the defendant insurer for damages resulting from a fire in a building. The plaintiff has alleged several causes of action. The defendant moves to dismiss the count alleging breach of contract.
Pursuant to Mass. Rule Civ. P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). For purposes of the motion to dismiss, the court accepts as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn therefrom in the plaintiffs favor. See Eyal v. The Helen Broadcasting Co., 411 Mass. 426,429 (1991); Cacciola v. Nellhaus, 49 Mass.App.Ct. 746, 754 (2000). A complaint should not be dismissed “unless it appears with certainty that [the plaintiff] is entitled to no relief under any combination of facts that could be proved in support of [the] claim.” See Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998) (questioned on other grounds).
The facts upon which the plaintiff relies include the following. The plaintiff was the owner of a building at 246 North Main Street, Webster, Massachusetts when it was damaged by fire on June 20, 2002. The plaintiff made a prompt claim for recovery against the defendant which provided a policy of insurance on the building. The parties negotiated without success and no demand was made for arbitration. The plaintiff filed a complaint in Worcester Superior Court on June 10, 2005 alleging several causes of action arising out of the defendant’s conduct. The defendant has moved to dismiss the count alleging breach of contract on the basis that G.L.c. 175, §99 (clause twelfth) includes the two-year statute of limitations beginning as of the date of the loss.
This statute is somewhat unusual because rather than stating the legal principles it includes those principles in several clauses which it mandates be included within each policy. The principles applicable to this case found in clause twelfth are: (1) if the parties cannot agree as to the amount of the loss, the amount shall be referred to binding arbitration, which arbitration unless waived by the parties shall be a condition precedent to any legal action; (2) no suit against the insurer shall be sustained unless brought within two years of the loss; (3) if arbitration is commenced within the two-year period, then the deadline for filing suit shall be extended to ninety days after an award. The plaintiff claims that even though he did not commence this action within two years of the fire and never made a formal request for arbitration, he was not barred from pursuing a breach of contract action.
When interpreting a standardized insurance policy, the court must look for the plain meaning of the words and if there is any ambiguity it is to be construed against the insurer. Given v. Commerce Insurance Co., 440 Mass. 207 (2003), see In Re Liquidation AML Insurance Co., 440 Mass. 796 (2003). In J.&T. Enterprises v. Liberty Mutual Insurance Company, 384 Mass. 586 (1981), it was determined that the portion of the statute that requires an action to be brought within “two years from the time the loss occurred” unequivocally means within two years “after the fire.” If the plaintiff has not filed his case within that period, he is barred from pursuing it unless he falls within an exception to the rule.
One of those exceptions is specifically described in clause twelfth. There is a circumstance where a claim for arbitration is made within the two-year period and in that case an action may be brought within ninety days after the award. The plaintiff claims that it was the defendant who breached the contract by not asking for arbitration and that its actions should not bar the plaintiff from proceeding. However, the plaintiff had a right to seek referral to arbitration and by not doing so forfeited his right to any extension of the two-year period. See supra at 858.
The plaintiff claims that the loss did not occur until the defendant at some unspecified time determined not to settle or to arbitrate the claim. This argument does not avoid the two-year statute of limitations commencing with the date of the fire with the alleged breach of the contract. In a case cited by the plaintiff, Goldsmith v. Reliance Insurance Co., 353 Mass. 99, 102 (1967), the same two-year period was determined to be valid and applicable to all statutory insurance contract issues while other limitation periods could *556 apply to non-statutory issues. The plaintiff maintains that the statute of limitations should it begin to run from either that unknown date when the defendant decided to stonewall the plaintiff or on the date when the plaintiff finally had to commence this suit. He argues that it was only at that date that he was put on notice that he was suffering appreciable harm due to the defendant’s conduct. While this argument may be the basis for a negligence action or a G.L.c. 93A action, it cannot be the basis under the statute for a breach of contract action. See Eck v. Kellem, 51 Mass.App.Ct. 850, 853 (2001); Schwartz v. The Travelers Indemnity Co. and another, 50 Mass.App.Ct. 672, 677 (2001).
Finally the plaintiff argues that defendant should be estopped from interposing a defense of statute of limitations because its conduct induced the plaintiff to refrain from filing this action within the required period. There is no allegation in the complaint nor is there any basis for an inference drawn from the complaint that the defendant induced the plaintiff s attorney to delay in filing the suit or that the plaintiff was deprived of a reasonable amount of time to institute the action. See Pagliarini, Executrix and another v. Iannaco, Individually and as trustee, 440 Mass. 1032 (2003).
For the foregoing reasons the defendant’s motion to dismiss the count for breach of contract is ALLOWED.