The plaintiff, William H. Sullivan, Jr., appeals from a judgment entered in favor of the defendants, Jodie M. Gilson and two companies owned by her (collectively, Gilson), on their motion for summary judgment. We affirm in part and reverse in part.
Background. We summarize the facts from the summary judgment record in the light most favorable to Sullivan. See Surabian Realty Co. v. NGM Ins. Co., 462 Mass. 715, 718 (2012). Relevant to this appeal are three parcels of land in Groton: (1) a thirty-two acre parcel on Worthen Drive (parcel 1); (2) a parcel on Old Ayer Road (parcel 2); and (3) a 5.9 acre parcel with frontage on Worthen Drive and Dale Lane (parcel 3). In July, 2000, Sullivan and Gilson entered into a written agreement whereby Gilson agreed to sell parcel 1 to Sullivan for $ 700,000 paid over four years and, once she obtained "free and clear title," to tender the deed to Sullivan.[4] Over the subsequent five months, Sullivan paid Gilson $ 300,000, which Gilson used to pay off the mortgage on parcel 1.[5] It is undisputed that Gilson obtained "free and clear title" to parcel 1 and recorded the release of the mortgage on December 15, 2000. She did not then or ever transfer the deed for parcel 1 to Sullivan.
Gilson purchased parcel 2 on September 12, 2008, and purchased parcel 3 on October 28, 2010. Sullivan avers that he provided Gilson with the funds to purchase parcels 2 and 3 in the amounts of $ 160,000 and $ 110,000, respectively, and that Gilson orally promised to convey the deeds to him. The record is silent as to whether Sullivan and Gilson agreed on a date on which Gilson would transfer deeds for parcels 2 and 3 and, if so, what that date was. Gilson did not dispute that Sullivan provided her with money that she used toward purchasing parcels 2 and 3. Instead, Gilson asserted that she did not agree to purchase the land on Sullivan's behalf (and that the funds were a loan). In total, Sullivan avers that he has paid Gilson $ 799,012.22 for the three parcels.
Unbeknownst to Sullivan, Gilson sold portions of parcels 1 and 3 to third parties in 2012 and 2016, and conveyed an easement over the remaining portion of parcel 1 in 2016.[6] Sullivan states that he only became aware of these sales shortly after September 21, 2016.
On February 6, 2017, Sullivan filed an eleven-count complaint, alleging: (counts I to III) breach of contract for each of the three parcels; (count IV) unjust enrichment for each of the three parcels; (counts V-VII) specific performance of contract to convey title to each of the three parcels; (count VIII) constructive trust for a portion of parcel 1, and all of parcels 2 and 3;[7] (count IX) violation of G. L. c. 93A; (count X) lis pendens relief; and (count XI) injunctive relief against Gilson. Gilson filed a motion for summary judgment, asserting that Sullivan's claims were barred by the statute of limitations and the Statute of Frauds. The judge allowed Gilson's motion for summary judgment, finding that all counts were time barred. Sullivan timely appealed.
Standard of review.[8] We review the grant of summary judgment de novo. See Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012). "[W]here summary judgment is sought on the basis of a statute of limitations, 'once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which would take his or her claim outside the statute.' " O'Connor v. Redstone, 452 Mass. 537, 551 (2008), quoting McGuinness v. Cotter, 412 Mass. 617, 620 (1992). Thus, "[i]f the plaintiff responds to a defendant's motion by alleging facts that, if proved at trial, would bring the plaintiff's claims outside the impact of the statute of limitations, then the defendant is not entitled to summary judgment." O'Connor, supra.
Discussion. Sullivan's claims for breach of contract, specific performance, and resulting trust all sound in contract. An action for breach of contract must be commenced within six years after the cause of action accrues. See G. L. c. 260, § 2 ; Barber v. Fox, 36 Mass. App. Ct. 525, 526-527 (1994) (statute of limitations for claim for specific performance due to breach of contract is six years). See also Boston v. Roxbury Action Program, Inc., 68 Mass. App. Ct. 468, 474 (2007), quoting Stapleton v. Macchi, 401 Mass. 725, 729 (1988) (statute of limitations for resulting trust claim is six years).
1. Parcel 1. It is undisputed that the contractually-agreed upon time for Gilson to transfer title to parcel 1 to Sullivan was December 15, 2000. Therefore, Sullivan's breach of contract cause of action for parcel 1 began to accrue on December 15, 2000, and the statute of limitations expired on December 15, 2006, unless some exception applies. See International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 221 (1990).
a. Discovery rule. Sullivan asserts that the accrual date of his action should be tolled by the discovery rule. Where a cause of action for breach of contract is "inherently unknowable," the discovery rule "tolls the accrual date of the statutory period until the injured party knows or should know the facts giving rise to the cause of action." International Mobiles Corp., 29 Mass. App. Ct. at 222. Our inquiry is whether Sullivan "failed as a matter of law to show that he did not know and should not have known he had been harmed by [the defendant's] conduct." Riley v. Presnell, 409 Mass. 239, 244 (1991).
We agree with the motion judge's well-reasoned memorandum that there was nothing inherently unknowable about this claim. Some sixteen years had passed between the time Gilson failed to perform and the date on which Sullivan brought suit. Had Sullivan conducted a title search at any point after December 15, 2000, he would have discovered that Gilson had obtained free and clear title on that date. We conclude that Sullivan failed to show, as a matter of law, that he should not have known about Gilson's breach; thus, the statute of limitations was not tolled by the discovery rule. See AA & D Masonry, LLC v. South St. Business Park, LLC, 93 Mass. App. Ct. 693, 700 (2018) (claim was time barred where plaintiff "failed to exercise its duty of reasonable inquiry"). See also Friedman v. Jablonski, 371 Mass. 482, 486 (1976) (plaintiffs' failure to conduct title search or retain attorney to determine when cause of action against defendants accrued does not render wrong "inherently unknowable").
b. Equitable estoppel. Sullivan also asserts that Gilson is equitably estopped from relying on the statute of limitations. When asserting equitable estoppel, the plaintiff has the burden to show that the "statements of the defendant lulled the plaintiff into the false belief that it was not necessary ... to commence action within the statutory period of limitations ... that the plaintiff was induced by these statements to refrain from bringing suit, as otherwise [the plaintiff] would have done, and was thereby harmed, and that the defendant 'knew or had reasonable cause to know that such consequence might follow.' " Pagliarini v. Iannaco, 440 Mass. 1032, 1032 (2003), quoting Ford v. Rogovin, 289 Mass. 549, 552 (1935). The plaintiff also bears the burden of showing that his reliance on the defendant's statements was reasonable. See Pagliarini, supra.
Sullivan avers that Gilson made repeated, unfulfilled promises to convey title to parcel 1, which unfairly "lulled" Sullivan into believing that he did not need to pursue a legal remedy. Specifically, Sullivan asserts: "Prior to September 21, 2016 Sullivan had asked Gilson on various occasions about deeding him [parcel 1]. Each time Gilson promised Sullivan that she would do so."
Sullivan's vague assertions are simply insufficient as a matter of law for this doctrine to apply. As an initial matter, Sullivan failed to allege that he even asked Gilson to convey parcel 1 within the six-year statute of limitations. Moreover, Sullivan has failed to allege why it would have been reasonable for him to rely on such promises, where the failure to perform lasted for sixteen years. Summary judgment properly entered as to all claims related to parcel 1.[9]
2. Parcels 2 and 3. Sullivan alleges the existence of oral contracts for the conveyances of parcels 2 and 3. We conclude that these contract claims are barred by the Statute of Frauds.
a. Statute of Frauds. The Statute of Frauds generally requires that all contracts for the sale of land be in writing. G. L. c. 259, § 1. See Bibi v. Courville, 357 Mass. 782 (1970). However, "[a] plaintiff's detrimental reliance on, or part performance of, an oral agreement to convey property may estop the defendant from pleading the Statute of Frauds as a defense." Nessralla v. Peck, 403 Mass. 757, 761 (1989). Payment alone is insufficient to show part performance. See Andrews v. Charon, 289 Mass. 1, 5-6 (1935). Part performance may be demonstrated by evidence that the party physically occupied and made improvements to the property in reliance upon the agreement. Alexander v. Snell, 12 Mass. App. Ct. 323, 325 (1981). Sullivan did not allege that he attempted to improve these parcels, nor does Sullivan assert on appeal that he occupied either parcel. Accordingly, there was no part performance and the claims are barred by the Statute of Frauds.
b. Resulting trust. Next, Sullivan argues that he is entitled to resulting trusts with regard to parcels 2 and 3. The Statute of Frauds is not applicable to resulting trusts. Hanrihan v. Hanrihan, 342 Mass. 559, 567 (1961).
"[A] resulting trust is implied when 'a transfer of property is made to one person and the purchase price is paid by another; in such a case a trust results in favor of the person who furnished the consideration.' " Citizens Bank of Mass. v. Coleman, 83 Mass. App. Ct. 609, 612 (2013), quoting Meskell v. Meskell, 355 Mass. 148, 150 (1969). Such implication is "based on the 'natural presumption that, in the absence of anything to show the contrary, he who supplies the purchase price intends that the property bought shall inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason.' " Coleman, supra at 613, quoting Quinn v. Quinn, 260 Mass. 494, 501 (1927). "[A] resulting trust must arise, if at all, at the time of the execution of the deed." Coleman, supra, quoting Maffei v. Roman Catholic Archbishop of Boston, 449 Mass. 235, 254 (2007), cert. denied, 552 U.S. 1099 (2008). The statute of limitations for a resulting trust claim is six years, and the claim accrues when the plaintiff becomes aware that the trust has been repudiated. See Stapleton, 401 Mass. at 729 ; Hanrihan, 342 Mass. at 567. The standard for repudiation is more than nonperformance; repudiation must be "open and notorious." Stuck v. Schumm, 290 Mass. 159, 163 (1935).
Viewing the facts of this record in the light most favorable to the nonmoving party, Sullivan has put forward sufficient facts to prove the creation of resulting trusts for parcels 2 and 3. He claims that he provided Gilson with the funds to purchase parcels 2 and 3 and, if he is believed at trial, that Gilson purchased those parcels on his behalf. As noted above, Gilson does not dispute that Sullivan provided her with the funds.
Moreover, nothing in the summary judgment record shows that Gilson repudiated the resulting trusts more than six years before Sullivan filed suit or even when Gilson was to perform. Even if we were to assume that Gilson was obliged to perform immediately upon her receipt of the deeds to parcels 2 and 3, there is nothing in the record that rises to the level of an "open and notorious" repudiation, see Stuck, 290 Mass. at 163, as a matter of law, particularly where Sullivan asserts that Gilson repeatedly assured him that she would transfer the land. On the summary judgment record, Gilson clearly repudiated any resulting trust for parcel 3 when she first sold it in 2012 and Sullivan alleges that he was not aware of any sale until 2016. Both dates are within the six-year statute of limitations. Accordingly, we conclude that Sullivan offered sufficient facts to bring his resulting trust claims within the time prescribed by the statute of limitations. See O'Connor, 452 Mass. at 551. Contrast Stapleton, 401 Mass. at 729-730.
Conclusion. The judgment is reversed as to so much of count VIII as pleads a claim of resulting trust with respect to parcels 2 and 3. In all other respects, the judgment is affirmed.
So ordered.
reversed in part; affirmed in part

Pursuant to this same agreement, Gilson gave Sullivan a first option on a 2.55-acre parcel of land located near Worthen Drive for $ 200,000. This aspect of the agreement is not part of this appeal.

Gilson did not dispute that she received such payment from Sullivan and used it toward her purchase of parcel 1.

Gilson sold 7.43 acres on September 6, 2012, to Edward and Karen Juskalian and an additional 16.57 acres on September 21, 2016, to Edward M. Juskalian as trustee of the West View Meadow Realty Trust. On September 27, 2016, Gilson conveyed the easement to Edward and Karen Juskalian for $ 1.00.

In his opposition to Gilson's motion for summary judgment, Sullivan asserted a claim for a resulting trust. Because Sullivan raised this issue in the trial court, albeit not until summary judgment, we do not consider it waived, and treat count VIII of the complaint as pleading in the alternative a resulting trust in the three parcels. Contrast Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (where "plaintiffs never put the judge on notice that they opposed summary judgment on [that] theory," issue was waived).

On appeal, Sullivan raises no argument regarding his claims for constructive trust for parcel 1, unjust enrichment, lis pendens relief, or injunctive relief; thus, we deem those issues waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). In addition, in his opposition to Gilson's motion for summary judgment, Sullivan argued a new claim under the theory of promissory estoppel. Sullivan does not raise an adequate argument under a theory of promissory estoppel on appeal; thus, we consider the argument waived. Finally, Sullivan's lone statement on appeal regarding his claims under G. L. c. 93A, §§ 1, 11, is unsupported by authority or factual analysis and does not rise to the level of reasoned appellate argument; thus, it is also waived. See rule 16 (a) (9) (A) ("The argument shall contain ... citations to the authorities and parts of the record [relied on]"); K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014) (court will not consider claims that do not "rise to the level of reasoned appellate argument as contemplated by [the rule]").

The written contract for parcel 1 provided that Sullivan was to pay the balance owed by 2004. Notwithstanding that fact, Sullivan asserts that he continued to make payments on all three parcels until March 31, 2015. While Gilson disputes this fact, we accept it as true for the purposes of summary judgment. To the extent that Sullivan alleges that he made a payment toward the purchase price of parcel 1 in 2015, he has not made sufficient appellate argument to support a claim for the return of those moneys on a theory of unjust enrichment. See note 7, supra.